Aug. 13,                    CARLETON v. CATE.
1875.

*Breaking and entering waived— Case for consequential damages.*

An action on the case may be maintained to recover damages for obstructing a way which the plaintiff had across the land of a third person, although certain logs, which caused the obstruction, were, in fact, placed by the defendant just over the line upon the plaintiff's land, at the point where the way entered it.

FROM GRAFTON CIRCUIT COURT.

CASE. The writ is dated February 25, 1874. The declaration is as follows: "In a plea of the case, for that, on and long before November 21, 1873, and since then to the present time, the plaintiff was seized in his demesne as of fee of a tract of land in said Littleton, lying adjacent to and at the foot of the dump and passageway, up the hill to the dwelling-house and barn then and now occupied by the plaintiff, said dump and passage-way being the ordinary, usual, and only convenient way of access to and departure from said dwellinghouse and barn, with their appendages, across said tract of land to and from the public roads and places of business in general, either for people on foot, on horseback, with beasts, carriages, or vehicles of any description;—yet the said defendant, knowing all the circumstances aforesaid, and contriving and intending unjustly to injure the plaintiff, and annoy and disturb him, his family, and his friends, notwithstanding the plaintiff was at the same time, and still is, having severe and apparently fatal sickness in his family, all well known to the defendant at the same time, yet the said defendant, as aforesaid, on said November 21, 1873, drew, with his team of four large oxen and two teamsters, and placed across said passage-way, at the foot of said dump, on said tract of land, a large, defective, worthless pine log, of the length of 34 ft. and 10 in., and of the diameter of 19½ in. at the top, and which lies northward, and extends 5 ft. 9 in. beyond the dump fence, on the north side of said dump, which the said defendant covered several feet deep

with wood cut for fuel, entirely closing the passage around the end of said log ; and the diameter at the butt end of said log is 24½ in., and extends southward beyond the dump fence, on the south side of said dump, 8 ft. 4 in., leaving a space of only 15 in. between said log and the end of the dump fence, and compelling people passing through said space to go 8 ft. and 4 in. to get around the butt end of said log. And, on the same November 21, 1873, said defendant, with said team and teamsters, drew and placed by the side of said log, on said tract of land, a second log, of the length of 15 feet, and lying at the butt or southerly end thereof, 4 feet from said first named log, and, at the top or northerly end thereof, 8 inches from said first named log, being the diameter of 25 in. at the top end, and of the diameter of 26 in. at the butt end. And, on the same November 21, 1873, said defendant, with his team and teamsters aforesaid, drew and placed by the side of said first and second named logs, on said tract of land, a third log, which he removed after a few weeks ; but the said defendant kept the said first and second named logs in the position in which he placed them as aforesaid, from the said November 21, 1873, to February 25, 1874, and thus almost entirely excluded the plaintiff from the use of said passageway, as before described, all that space of time."

The action was referred to a referee under the statute, who reported that he heard the parties ; that the plaintiff substantially proved the allegations contained in the declaration, and rested his case ; that the defendant then moved for a nonsuit, upon the ground that the action was case when it should have been trespass, the obstruction being upon land of the plaintiff, which motion he denied, and, at the request of the defendant, reported the facts and his ruling. The referee assessed damages in favor of the plaintiff in the sum of fifty dollars. Upon the coming in of the report at this term, the plaintiff moved for a judgment on the report in his favor, which the court denied ; and the plaintiff excepted. The defendant renewed his motion for a nonsuit, which the court, STANLEY, J., granted ; and the plaintiff excepted.

Ordered, that the questions of law arising on the foregoing case be transferred to the superior court for determination.

*Farr & Stevens*, for the plaintiff.

This action comes before this court on a motion for a nonsuit, the defendant claiming that the plaintiff's declaration, which is made a part of the printed case, is in case when it should be in trespass. We are inclined to the opinion that there is a distinction in this state between trespass on the case and trespass ; but just exactly where the trespass stops and the case begins, or the common ground is—where they " telescope " without smashing—over which they are chemically blended or mechanically spliced, so to speak—are questions not so easy to determine. That this question gave our ancient brethren great worriment is evident from a study of their subtile disputations, " crossly indented " and " whimsically dovetailed," a perusal of which almost leads us to

wish our lot had been cast in Maine, Indiana, or some other state where they have given this question decent burial by statute.

The better to enable us to discuss this distinction as it arises in the case at bar, and to assist the court in translating the plaintiff's declaration, we give a view of the *locus in quo* in the following diagram :

A.  Plaintiff's land.

B.  Passage-way occupied but not owned by the plaintiff.

C.  Dump fence.

D.  Premises occupied by the plaintiff as tenant at will.

E.  Obstructions.

I. We maintain that, under the facts stated in the declaration, the plaintiff has suffered two distinct injuries, caused to two separate estates, and for which he may have the choice of two remedies,—trespass, or case. (1) For the act itself—the direct injury to his own land —which must be in trespass, and which is not sought to be recovered in this action; (2) for the consequential injury to the use and occupation of the premises, of which he is a tenant, which may at least be in case. This action is brought, evidently, for the consequential damage, and ought to obtain. Suppose his landlord in possession, the other facts remaining : there can be no doubt but that he would have to bring case. See *Felch* v. *Gilman*, 22 Vt. 38 ; *Hays* v. *Cohoes Co.*, 3 Barb. 42 ; *Runyan* v. *Bordine*, 2 Green. 472 ; *Shafter* v. *Smith*, 7 H. & J. 67. Or suppose the defendant owned lot A : then the plaintiff's remedy would be case, beyond controversy.

In either case, the damage resulting to the use and occupation of lot B and D would be no more consequential than now.

II. Conceding that the plaintiff stands no differently than he would if he owned both estates, we then contend that under this declaration, considered as in case, he may recover : not for the trespass,—that is, the act itself, the direct, immediate injury, the injury to the reality—he waives that; but he may recover for the consequential damage,—that is, the personal injury, the injury to his relative rights,—which in this case is the extra travel going round the obstruction, or the loss of the passage-way, and the other consequential injury, as set forth at large in the plaintiff's declaration. Take the familiar illustration, as laid down by 1 Chitty's Pl. *127: If a log is thrown into the highway, and, in the act of throwing or falling, it hit another, it is trespass ; but if afterwards a person falls over it, and is hurt (or, as in this case,

is compelled repeatedly to walk around the log), it is case;—and we contend that the result is not changed by throwing the log upon the plaintiff's land, except it gives him an election of action as to the consequential damages : he may waive the direct injury, and sue in case for the consequential. See Oliv. Prec., 4th ed., p. 447, where it is said,—"When one is injured by the act of another accompanied with force, and there are also consequential damages, there appears to be no impropriety in suffering the plaintiff to waive the force and direct injury, and recover in case for the consequential damages; "—see, also, illustration of this doctrine on page 448 : also, 3 Campb. 188 ; 1 Chitty's Pl. 139 ; *Gibson* v. *Fiske*, 8 N. H. 404 ; *Boerum* v. *Taylor*, 19 Conn. 123, and cases cited.

In conclusion, we submit that the equity is with the plaintiff, and that, after having suffered a substantial injury, and having set forth his grievance with a painful minuteness, following the facts to the letter, he ought not to be kicked out of court for lack of technical averments, which are immaterial, or surplusage.

*Bingham & Mitchell*, for the defendant.

The action is in form and nature an action on the case. The defendant moved for a nonsuit, upon the ground that the proper action for the injury complained of is trespass, the logs having been placed on the plaintiff's own land, and the injury he sustained being a disturbance of his possession, and an interruption and prevention of the occupation and use of this land,—in short, it being an injury to real estate. This motion the court granted.

Trespass is an action instituted for the recovery of damages for a wrong committed against the plaintiff with immediate force,—as, an unlawful entry upon his land, assault and battery against the person, or an unlawful injury, with direct force, to his personal property. In short, trespass is the action when the injury is the natural, immediate, and direct result of the defendant's act. Trespass on the case is the remedy when the tort or wrong was not committed with actual or implied force; when the matter or thing affected was not tangible, and the injury was not immediate but consequential,—as, for instance, where the person sustains damage on account of his reputation having been assailed, or for an injury resulting to A's land in consequence of B's act upon his own land,—such, for example, as the digging of a ditch by B upon his own land, the water from which runs upon and injures A's land,—or an injury to a person's reversionary interest in real estate. It is the remedy when the thing affected is incorporeal and intangible, and the injury is the mediate and consequential result of the wrong-doer's act and not the direct and immediate result of the act, nor when the thing affected is tangible and corporeal. 1 Chitty's Pl. 122, 127 ; *Dalton* v. *Favour*, 3 N. H. 466 ; *Leame* v. *Bray*, 3 East 593, and authorities cited ; *Percival* v. *Hickey*, 18 Johns. 257 ; *Guiele* v. *Swan*, 19 Johns. 332—Balloon case ; *Scott* v. *Shepherd*, 2 Black.

Rep. 892 ; *Ogle* v. *Barnes*, 8 D. & E. 188—6 D. & E. 128 ; *Savinac* v. *Boome*, 6 D. & E. 125 ; *Day* v. *Edwards*, 5 D. & E. 648 ; *Wilson* v. *Smith*, 10 Wend. 325 ; *Shepherd* v. *Scott*, 3 Will. 411; 1 Stra. 596, 636 ; 1 T. R. 569; 5 Bos. & Pull. 117, 446 ; 1 Bos. & Pull. 472 ; *Smith* v. *Rutherford*, 2 Serg. & Rawle 358 ; *Cotteral* v. *Cummings*, 6 Serg. & Rawle 343 ; *Blin* v. *Campbell*, 14 Johns. 432 ; 1 Ld. Raym. 188 ; 5 East 485 ; 9 Johns. 61; 12 Johns. 183 ; 11 Johns. 385, 140 ; 3 Hill 26.

Then it must be regarded as established, that for an injury caused by or resulting from the immediate act of a wrong-doer, or when the thing affected is tangible and corporeal, the remedy is in an action of trespass, while, if the injury is occasioned not by the immediate act of the wrong-doer but is merely a consequence of that act, or when the thing affected is intangible and incorporeal, the remedy is an action on the case.

Let us inquire, then, in the case at bar, (1) Was the injury complained of caused by the immediate and direct act which the defendant did, or was it the mediate and consequential result of that act ? (2) Was the thing affected tangible and corporeal, or was it intangible and incorporeal ?

The defendant's act of which the plaintiff complains is, drawing and placing logs upon the plaintiff's land. The injury that the plaintiff sustained was the disturbance of his possession of this same land, and the interruption and prevention of its occupation and use by him as its owner and possessor. Then it is logically clear and certain that the injury, viz., the disturbance of possession and the interruption of the use and occupation of this land, was the direct and immediate act of the defendant, viz., placing the logs on the land. The matter or thing affected was the plaintiff's land. This is tangible and corporeal. In Chitty on Pleading 127, in defining an injury which is immediate, and the remedy for which is consequently trespass, it is said, " or if he pour water on another person or his land, or do any act thereon * * * the injury is immediate, and trespass is the remedy." See, also, *Reynolds* v. *Clark*, 2 Ld. Raym. 1403. In 1 Ld. Raym. 188, it is said,—" The plaintiff brought case against the defendant, and declared that he was possessed of a close, and the defendant dug pits in it, etc., *per quod*, etc., and after verdict for the plaintiff it was adjudged that the action will not lie, because the cause of action was properly trespass, for which the party might have an action of trespass, but could not turn it into an action upon the case." On page 139 of Chitty on Pleading it is said,—" When the injury was immediate and committed on land, etc., in the possession of the plaintiff, the remedy is trespass." The same author, on page 173, says,—" Trespass may be supported for an injury to land, though not fenced from the property of others, and by the owner of the soil, etc., though it be an highway or a public bridge." See, also, *Cortelyou* v. *Van Brundt*, 2 Johns. 357 ; 1 Burr 143; 2 Stra. 1004; *Mayor of Northumberland* v. *Ward*, 1 Will. 115; 6 East 154. In *Reynolds* v. *Clark*, 8 Mod. 272, the court say,—

"When the freehold is in the plaintiff, and the defendant hath only the use of it, and he misuses it, trespass is the proper action." In Oliver's Precedents, 2d ed., p. 347, in speaking of the injuries for which case will lie, it is said,—" This action cannot be maintained for a mere trespass, as if a man enters my land and does a nuisance there." 1 Rol. 105, L. 25.

Hence it will be seen that it has been invariably held that where the injury is occasioned by the direct and immediate act of the defendant, and when it has been committed upon the plaintiff's land, trespass is the proper remedy. It is immaterial for what purpose the plaintiff used this land. It was his to appropriate to any use he saw fit; and the remedy for an injury to him, committed upon it, is not in the least governed by the use to which he puts it. It is his absolutely, and the remedy, for an injury to him by disturbing his possession and interrupting his occupation of it, is trespass, whether he used it to plant potatoes upon or travel over. A man, having the possession and owning the fee in land, cannot have a right of way through it independent of his right to the land. *Barker* v. *Clark*, 4 N. H. 382; *Clark* v. *Boston, Concord & Montreal R. R.*, 24 N. H. 118.

There is a further element in this case which renders an action on the case an improper remedy for an injury proceeding from the act. The injury here was not only committed upon the plaintiff's land, and the direct and immediate result of the defendant's act, but it proceeded from the wilful and intentional act of the defendant, because the declaration alleges that the defendant, " contriving and intending unjustly to injure the plaintiff, and annoy and disturb him," did this act. And when the injury is the immediate result or effect of the defendant's act, and it has been wilfully done, the remedy must be trespass. *Dalton* v. *Favour*, 3 N. H. 466, and authorities there cited; *Wilson* v. *Smith*, 10 Wend. 325, and cases there cited.

We are aware that when either trespass or trover might be maintained, the injured party may waive both the trespass to and the conversion of the chattel, and recover damages in a special action on the case. But we do not understand that this settles that for a wilful trespass upon land the injured party can recover any damages he may have sustained, in a special action on the case. In the first place, either trespass or trover could not here be maintained. In the second place, it was a wilful act, and when it is, the trespass cannot be waived and have case lie. See *Wilson* v. *Smith*, 10 Wend. 325, cited *supra*. Though an act was direct and immediate, if it resulted from the defendant's negligence the trespass might be waived and case brought.

LADD, J. I have no doubt the rule settled by the cases cited in the defendant's brief is, that where visible, tangible, corporeal property is injured, and the injury is direct and immediate, proceeding from the wilful and intentional act of the defendant, the action must be trespass. And it is said to make no difference that the property injured may be connected with, or be the means by which, an incorporeal right is enjoyed. *Wilson* v. *Smith*, 10 Wend. 325.

I confess that a tolerably careful examination of a large number of cases, from *Scott* v. *Shepherd*, 2 Wm. Bl. 892, to *Ricker* v. *Freeman*, 50 N. H. 420, has failed to satisfy me that it is always easy to draw the line between those cases where the injury is the direct and immediate result of the wrongful act, and those where it is not.

In the case before us, the plaintiff sets out his grievance in a way that shows he has measured its entire length and depth ; and his complaint is, that by the wilful act of the defendant he was almost entirely excluded from the use of the passage-way leading to his dwelling-house, from November 21, 1873, to February 25, 1874 ; that he was not the owner of the house in which he lived, or of the land over which the passage-way was located ; but that the obstruction which caused him the annoyance, inconvenience, and damage, in the use and occupation of the house and way, was, in fact, placed upon his own land at the foot of the dump. He does not complain that the defendant dug up, carried away, depastured, or otherwise *directly* injured his land. Nor does it appear that he was kept out of the possession of any part of it except that inconsiderable space covered by the three pine logs, whose several dimensions are so carefully given.

I am unable to say that the injury complained of, namely, the obstruction of the plaintiff's way, was such a direct and immediate result of the defendant's act in depositing the logs at the foot of the dump, although on the plaintiff's land, that trespass *quare clausum fregit* was necessarily the only remedy of which the plaintiff could avail himself. I am inclined to the opinion that the case was one of those where the plaintiff might waive the breaking and entering of his close, and sue in case for his consequential damages.

CUSHING, C. J. I concur fully in the results reached by my brother LADD, and only desire to add, that, if the case required it, I should be inclined to hold that the difference between trespass and case has now become matter of form, and to permit the form of action to be changed by amendment.

SMITH, J., concurred.

*Exceptions sustained.*